**John DRINNIN, Appellant,**

v.

**HEARTLAND AREA EDUCATION AGENCY 11, Appellee.**

No. 68273.

Supreme Court of Iowa.

April 20, 1983.

James L. Sayre and Gerald L. Hammond of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellant.

John R. Phillips and Russell L. Samson of Rogers, Phillips & Swanger, Des Moines, for appellee.

Considered by UHLENHOPP, P.J., HARRIS, McGIVERIN, and CARTER, JJ., and LeGRAND, Senior Judge.

HARRIS, Justice.

The question here is whether a teacher's accumulated sick leave is to be deemed expended even though workers' compensation benefits were paid for part of the teacher's

absences. The trial court held that the payment of workers' compensation benefits did not prevent the accumulated leave from being exhausted and we agree.

Plaintiff was a teacher-preschool consultant employed by the defendant. As a public school employee he was subject to Iowa Code § 279.40 (1979) which granted a yearly "leave of absence for medically related disability with full pay" for from ten to 15 days depending on the number of years employed. Under the provision sick leave could accumulate to a total of 90 days. This suit centers upon the final sentence of the statute: "Any amounts due an employee under this section shall be reduced by benefits payable under sections 85.33 and 85.34, subsection 1 [temporary disability and healing period benefits under the workers' compensation act]."

Plaintiff was injured in an automobile accident in the course of his employment and missed 63 days of work as a result. At the time he had accumulated 37½ days sick leave.

During the first 37½ days of his absence he received 100 percent of his daily salary from his employer and also, from his employer's insurance carrier, workers' compensation benefits which amounted to 60 percent of his daily salary. He signed the workers' compensation insurance checks over to defendant. After 37½ days he received no salary but continued to receive workers' compensation benefits. From the time his salary was stopped the plaintiff retained the workers' compensation benefits for himself. When he returned to work plaintiff found that the defendant's record indicated he had exhausted his accumulated sick leave by virtue of his initial 37½ day absence.

This is a declaratory judgment action brought in equity and is reviewed under Iowa R.Civ.P. 267 as "other judgments, orders, or decrees." Our review is de novo. *See Village Supply Co., Inc. v. Iowa Fund, Inc.,* 312 N.W.2d 551, 555 (Iowa 1981).

Both parties point to the last sentence of § 279.40, quoted above. It was added to the statute in 1976. *See* 1976 Iowa Acts ch. 1082, § 4. The preamble stated it was "AN ACT relating to absences of public employees for medically-related disability." The defendant believes the provision was added to ensure the uniform application of our decision in *Cedar Rapids Comm. Sch. Dist. v. Parr,* 227 N.W.2d 486 (Iowa 1975), to both state employees and employees of public schools. In *Parr* we held that pregnancy could not be treated differently from any other medically related disabilities. *Id.* at 494. Plaintiff argues that it would be inequitable, and would do violence to legislative intent, to allow an employer to deduct one full day of accumulated sick leave for each day he missed if the employer was reimbursed a portion of the employee's salary through workers' compensation. He argues an employer should be allowed to deduct sick leave only in the proportion that the salary was not reimbursed, in this case 40 percent. Under this view only .4 of a day from plaintiff's accumulated leave should be deducted for each day missed. Under plaintiff's formula he would still have 12.3 days of remaining sick leave.

Plaintiff suggests that the legislative intent behind the provision was to prevent "double dipping" by an employee. Under an attorney general's opinion [71–6–18 (6/30/71)], employees were thought to be entitled to receive both sick leave and any workers' compensation benefits. Plaintiff thinks the legislature intended only that an injured employee should not collect more than would have been realized without an injury.

Defendant argues that workers' compensation benefits are, in substance, payments by an employer. Under the workers' compensation act an employer has an obligation to make payments to an injured employee either by purchasing insurance, as was done here, or by being a self-insurer. Because the payments should be viewed as coming from an employer defendant argues it was entitled to deduct a full day for each day missed. Defendant also points out the fact that the legislature consistently used the word "amounts" throughout section 279.40 to refer to the total accumulated days of

sick leave. "Amounts" in the section means "sick leave" and hence defendant felt justified in reducing plaintiff's sick leave for each day missed notwithstanding the workers' compensation benefits.

Controlling principles of statutory construction were explained in *State v. Schlemme*, 301 N.W.2d 721, 723 (Iowa 1981), and in *Franklin Mfg. Co. v. Iowa Civil Rights Com'n.*, 270 N.W.2d 829, 831–32 (Iowa 1978). We agree with plaintiff and with the trial court that the legislature has itself defined the term "amounts due" in the provision. The term is twice previously used in the same section and both times plainly refers to "days of accumulated sick leave." Having established one definition of the term, and having once followed it, the legislature is presumed to have adhered to it in the final paragraph of the same statute.

Both parties agree that at least .4 of a day sick leave is to be deducted from plaintiff's accumulated sick leave for each day he was absent. Plaintiff believes the subtraction should end there. We, however, agree with the trial court that the whole day should be subtracted. This is clearly in accordance with the language of section 279.40. The legislature could have restricted the subtraction made but chose not to do so.

AFFIRMED.